UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:13-cv-942 |
| | ) |
| EQUITY PROPERTY | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, David Dobbs ("Dobbs"), brings this action against Defendant, Equity Property Management, LLC ("Defendant"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2. Dobbs has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Dobbs was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Dobbs satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a cause determination finding, in relevant part, that "[t]he evidence obtained during the

Commission's investigation supports Charging Party's allegations of sexual harassment. There is reasonable cause to believe that the Respondent's actions violated Title VII." Dobbs received his "Notice of Right to Sue" and now timely files his lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Dobbs is male.

10. Defendant hired Dobbs on or about March 5, 2012.

11. Dobbs reported to and was supervised by Property Manager Kristi Alexander ("Alexander") and Regional Maintenance Supervisor Tim Ricketts ("Ricketts").

12. Starting on or about March 22, 2012, and continuing until he was constructively discharged on or about April 23, 2012, Alexander sexually harassed Dobbs.

13. Alexander created a sexually-hostile work environment for Dobbs. The unwelcome and offensive harassment was severe and/or pervasive and sufficiently altered the terms and conditions of his employment.

14. Alexander made unwelcome and offensive sexual comments to and in front of Dobbs on multiple occasions, including, but not limited to: "I'm horny, and I need a man"; "I just need a fuck buddy"; "What, you don't want this"; "I need a boy toy"; she needed batteries for her B.O.B. because she was "gonna burst" if she did not get off soon; "I wonder how big Chris' dick is"; "I peed my pants on the way to work"; she was going to go commando until she received new underwear; "Damn, you look good in those pants"; and "I need to get some."

15. Alexander also engaged in unlawful sexual conduct toward him.

16. On or about March 28, 2012, Alexander lifted up her dress to expose her leg and thigh

to Dobbs while stating: "You know you want this!"

17. On or about April 9, 2012, Alexander forcibly grabbed and shoved Dobbs' head into her breasts.

18. Dobbs suffered a work-related injury on or about April 11, 2012. Alexander took Dobbs to the emergency room where she threatened to climb into his hospital bed with him.

19. On or about April 14, 2012, Dobbs was attempting to locate his work keys. Alexander asked him if he had looked over by her. He walked over to look on her hutch, and he discovered she had pressed his keys down between her breasts. She stated: "You want them? Grab them."

20. Dobbs resisted and rejected her unwelcome sexual advances.

21. Dobbs complained multiple times about the sexual harassment to Ricketts, Regional Property Manager Melissa Barrett ("Barrett"), and Assistant Property Manager Ryan Benson.

22. Defendant took no legitimate or reasonable action designed to remedy the sexual harassment.

23. Instead, Defendant's management employees provided the following responses, among others: "Kind of on your own man"; "Don't start a fire you can't put out"; "Get over it"; "I know what you mean brother, "She used to try that stuff with me and now she knows I don't want her. . ."; "You are not the first one to complain about her"; and "She doesn't mean anything by it."

24. On or about April 19, 2012, Dobbs complained to Barrett about the sexual harassment. He threatened to find another job if Defendant did not stop the harassment. Barrett replied: "Well, you got to do what you got to do."

25. On or about April 23, 2012, Dobbs again asked Alexander to stop the sexual

harassment. She responded: "You're a big boy, and you can take it."

26. Dobbs then complained again to Ricketts, who responded: "I know man."

27. Dobbs then went to the office. Alexander asked him if he "needed a hug from mama." He said "no," and she then threatened that he needed to be "more cooperative if [he] wanted to keep [his] job."

28. Because of the ongoing sexual harassment by Alexander, the threat to his job by Alexander, and Defendant's failure to remedy the hostile environment, Dobbs was left with no choice but to resign his employment. Defendant, in effect, constructively discharged him on or about April 23, 2012.

29. Dobbs has suffered injury as a result of Defendant's unlawful actions.

## VIOLATIONS OF TITLE VII

30. Dobbs hereby incorporates paragraphs 1-29 of his Complaint.

31. Defendant created a sexually-hostile work environment for Dobbs.

32. Dobbs complained about the sexual harassment to Defendant.

33. Defendant took no action to remedy the sexual harassment.

34. Defendant constructively discharged Dobbs.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Dobbs' rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, David Dobbs, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Dobbs to the same position, salary, and seniority, or pay front pay

and benefits to him in lieu of reinstatement;

      2.      Defendant pay lost wages and benefits to Dobbs;

      3.      Defendant pay compensatory and punitive damages to Dobbs;

      4.      Defendant pay pre- and post-judgment interest to Dobbs;

      5.      Defendant pay Dobbs' attorneys' fees and costs incurred in litigating this action; and

      6.      Defendant pay to Dobbs any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

      Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
David Dobbs

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@hlllaw.com
          bwilson@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, David Dobbs, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49